UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 7-32-GFVT-1

UNITED STATES OF AMERICA, PLAINTIFF,

**MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

MONTEZ BRIDGES, DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

## I. INTRODUCTION

Montez Bridges brings this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. [R. 62]. Consistent with local practice, the matter has been referred to the undersigned to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the Court recommends that Bridges' motion be denied.

## II. FACTUAL & PROCEDURAL BACKGROUND

In October of 2007, while an inmate at the U.S. Penitentiary Big Sandy, Montez Bridges was charged by Indictment with one (1) count each of conspiracy to distribute methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. § 846, and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. [R. 2]. On March 5, 2008, Bridges pled guilty to the conspiracy to distribute methamphetamine charge, and the remaining conspiracy charge was dismissed upon motion of the United States. [R. 40]. Bridges entered into a non-binding plea agreement with the United States in which he waived his right to appeal and to collaterally attack his guilty plea, conviction, and sentence, including any order of restitution. [R. 37, at 4-5]. Thereafter, based on a total of thirteen (13) criminal history points which resulted in a criminal history category of VI and a total offense level of 15, the Court determined Bridges' guideline range

of imprisonment to be 41-51 months. On August 20, 2008, the Court sentenced Bridges to a total of 51 months incarceration to run consecutively to the previously imposed sentence for which he was serving at U.S.P. Big Sandy, specifically including U.S. District Court (Chattanooga, Tennessee), cases #Ol-CR-7-02 and #Ol -CR-59-01, with three (3) years of supervised release to follow. [R. 56]. Bridges did not appeal his case to the Sixth Circuit Court of Appeals

Bridges now brings the instant Motion to Vacate [R. 62]. Therein, he argues that his criminal history category was computed incorrectly, and thus, he received an incorrect sentence. He specifically claims that he incorrectly received four (4) criminal history points for four (4) misdemeanor offenses. According to Bridges, his "criminal history points were raised by crimes that were not federal felonies, thus not meeting the 'federal felony statute' of 1 year and 1 day." [Id. at 2]. Bridges cites the following charges which he believes gave rise to the incorrect computation:

> (1) Possession/Carrying Firearm within City Limits - sentenced to 30 days time served, Sessions Court - (2001), Chattanooga, TN.
>
> (2) Possession of Crack Cocaine for Resale - sentenced to 11 months, 29 days, Sessions Court - (1998) Chattanooga, TN.
>
> (3) Criminal Impersonation - sentenced to 6 months (1997-98)
> Criminal Impersonation - sentenced to 6 months (1998)
>
> (4) Evading Arrest - sentenced between 6 months -11 months 29 days, Chatt, TN (1998)

[Id. at 1]. Bridges also cites "Simmons v. United States, (4th Cir. Enhancement decision: and"Miller v. United States, (Supreme Court Decision)" as "newly established law," inquiring as to whether this case law applies to his case.

Because it is clear from the record alone that Bridges is not entitled to habeas relief, the undersigned did not order the Government to respond to the pending motion.

2

### III. STANDARD OF REVIEW

Federal prisoners must file any motion to vacate within one (1) year of the date on which: 1) the judgment of conviction becomes final; 2) a governmental impediment to making the motion is removed; 3) a right was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255 (f)(1)-(4)). To prevail upon a motion for habeas relief under 28 U.S.C. § 2255, prisoners must allege that: 1) their conviction resulted from an error of constitutional magnitude; 2) their sentence was imposed outside the statutory limits; or 3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003), *cert. denied,* 540 U.S. 1133 (2004); *see also* Moss v. United States, 323 F.3d 445, 454 (6th Cir.), *cert. denied*, 540 U.S. 879 (2003). Prisoners must sustain their allegations by a preponderance of the evidence. This being a *pro se* petition, the undersigned is mindful that it is held to a less stringent standard than those drafted by legal counsel. *See* Cruz v. Beto, 405 U.S. 319 (1972).

### III. ANALYSIS

Bridges' instant Section 2255 motion presents one (1) claim as grounds for habeas relief: that he received four (4) criminal history points in error and thus, his resulting criminal history category and sentencing guideline range of imprisonment were miscalculated. In ruling upon Bridges' Section 2255 motion, review of the merits of his claim is not warranted both because of the waiver provision included in his plea agreement and because Bridges did not appeal his case to the Sixth Circuit Court of Appeals.

Put simply, Bridges has waived his right to file the instant Section 2255 motion, and,

3

accordingly, the motion must be denied. In entering his plea agreement, Bridges waived his right to appeal and collaterally attack his guilty plea, conviction, and sentence. [R. 37, at 5]. A defendant's knowing and voluntary waiver of his right to pursue collateral relief in a plea agreement will preclude his ability to file a subsequent § 2255 motion. In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007); Davila v. United States, 258 F.3d 448, 450 (6th Cir. 2001); Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999). Bridges has made no claim that he entered into his plea agreement, including the waiver provision, unknowingly and involuntarily. The record reflects that during Bridges' plea colloquy, the Court specifically confirmed Bridges' understanding about the waiver provision of his plea agreement and the rights he was giving up. [R. 44, at 44-46]. Therefore, Bridges is barred from bringing this Section 2255 motion, and the Court need not review the merits of his claim before denying the motion.

In addition, review of the merits of Bridges' claim is unnecessary because he did not appeal the issue to the Sixth Circuit Court of Appeals. Sentencing challenges not made on direct appeal generally are waived and cannot be made for the first time in a § 2255 motion. Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001). Besides an allegation involving the ineffective assistance of counsel, only extraordinary circumstances surrounding sentencing error amounting to a denial of due process can warrant collateral review of a Sentencing Guidelines calculation. Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996); Weinberger, 268 F.3d at 351. The Sixth Circuit Court of Appeals has reasoned that "[w]hen a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process." Grant, 72 F.3d at 506. "A breakdown of the trial process must be an error that is so positively outrageous as

to indicate a complete miscarriage of justice." Zeman v. United States, Case No. 96-6368, 1996 U.S. App. LEXIS 29444, at *5 (6th Cir. Nov. 7, 1996) (quoting Grant, 72 F.3d at 506) (internal quotation marks omitted)). "Sentencing Guidelines issues rarely, if ever, rise to this constitutional level." Id. (quoting Grant 72 F.3d at 506) (internal quotation marks omitted)). In his Section 2255 motion, Bridges did not address the reasons for his failure to raise the sentencing issue on direct appeal. Moreover, he has not established that the alleged erroneous interpretation of the sentencing guidelines has resulted in a "complete miscarriage of justice" so outrageous as to amount to a denial of due process." In fact, Bridges was sentenced to 51 months incarceration, a term far less than the statutory maximum of twenty (20) years prescribed by the Controlled Substances Act. 21 U.S.C. § 801 *et seq*; *See* R. 37, at 4. Accordingly, Bridges' sentencing challenge is now considered waived and cannot be made for the first time in this proceeding. For this, his motion should also be denied by this Court.

Significantly, however, even if this Court were to analyze the merits of Bridges' claim, he would not be subject to habeas relief. Bridges specifically claims that he incorrectly received four (4) criminal history points for four (4) misdemeanor offenses. He operates under the belief that in order for a prior offense to add to a defendant's criminal history point calculation, the prior offense must be a felony for which a sentence totaling more than one (1) year and one (1) day was imposed. Bridges cites two cases, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) and Miller v. United States, 735 F.3d 141 (4th Cir. 2013)[1], asking the Court to determine if the newly

---

[1] Bridges cited these cases by name and court only, making is difficult to discern the exact cases on which he intended to rely. Liberally construing Bridges' motion, the Court researched the case names and determined he was referring to these two Fourth Circuit cases. Significantly, the Miller case relies upon and specifically explains the decision made in the Simmons case. The Miller case was not appealed to the U.S. Supreme Court.

established law contained therein applies to his case.[2] [R. 62, at 1]. Put simply, it does not. This case law illustrates how the Fourth Circuit Court of Appeals determines whether prior sentences are "punishable by more than one (1) year in prison" when an individual was not actually sentenced to more than one (1) year in prison, when making federal sentencing determinations. *See* Miller, 735 F.3d at 151. This line of case law is inapplicable to Bridges' case. None of Bridges' state court convictions were considered as imposing "more than one year imprisonment" to determine his federal sentence. In fact, it is clear from the record that the four (4) charges which Bridges now challenges as the basis for the miscalculation of his criminal history category were, in fact, calculated correctly under the United States Sentencing Guidelines ("U.S.S.G.") based on the sentences that Bridges actually received.

Contrary to Bridges' belief, his prior sentences need not have been for felony offenses nor imposed a term of incarceration of more than one (1) year and one (1) day before they could be used to add points to his criminal history calculation. Under the 2007 version of the U.S.S.G. Manual, on which Bridges' sentence was based, the computation of an individual's criminal history points included all felony offenses and most misdemeanor offenses. U.S.S.G. § 4A1.2(c) (2007). Specifically, under U.S.S.G. § 4A1.2(c)(1) (2007), all misdemeanor sentences were to be counted except for a brief list of non-violent crimes, and even those misdemeanors were to be included if, A) the sentence imposed for the misdemeanor was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant

---

[2] The fact that neither case which Bridges' cites actually establishes a new substantive right as created by the United States Supreme Court case calls into question whether his petition has been filed within the statute of limitations. His conviction dates back to 2008. Because the one-year statute of limitations is not jurisdictional, however, the Court need not decide whether Bridges has complied with the statute before proceeding to the merits of his motion. Pough v. United States, 442 F.3d 959, 965 (6th Cir. 2006).

offense. Under U.S.S.G § 4A1.1 (2007), an individual's criminal history was to be computed as follows:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

U.S.S.G §§ 4A1.1(a)-(c) (2007).

In the instant petition, Bridges specifically argues that the following four (4) charges were relied upon incorrectly to add four (4) points to his criminal history point calculation:

> (1) Possession/Carrying Firearm within City Limits - sentenced to 30 days time served, Sessions Court - (2001), Chattanooga, TN.
>
> (2) Possession of Crack Cocaine for Resale - sentenced to 11 months, 29 days, Sessions Court - (1998) Chattanooga, TN.
>
> (3) Criminal Impersonation - sentenced to 6 months (1997-98)
> Criminal Impersonation - sentenced to 6 months (1998)
>
> (4) Evading Arrest - sentenced between 6 months -11 months 29 days, Chatt, TN (1998)

[R. 62, at 1]. A review of Bridges' pre-sentence memorandum reveals, however, that he actually received only three (3) criminal history points for these crimes, all pursuant to U.S.S.G § 4A1.1(c) (2007).[3] Specifically, Bridges correctly received one (1) point under U.S.S.G. § 4A1.1(c) (2007)[4]

---

[3] The crimes as listed in Bridges' motion did not match to the crimes listed in his PSM verbatim. The Court has relied upon the crimes as described and the dates provided in Bridges' motion to determine which four (4) crimes he intended to reference.

[4] These charges were listed under the same sentencing date in the presentence memorandum. Under U.S.S.G. § 4A1.2(a)(2) (2007), separate sentences may be counted as a single sentence if both sentences were imposed on the same day.

7

for his 2000 charges of Unlawfully Carrying or Possessing a Firearm and Driving Without A License. This was correct because both convictions were not excluded misdemeanors under U.S.S.G. § 4A1.2(c)(1) (2007) and because Bridges had received a sentence of thirty (30) days jail on these charges. He correctly received the second point under U.S.S.G. § 4A1.1(c) (2007) for his 1998 charges of Possession of Cocaine and Criminal Impersonation. This was correct because both convictions were not excluded misdemeanors under U.S.S.G. § 4A1.2(c)(1) (2007) and because Bridges had received a sentence of eleven (11) months 29 days workhouse (suspended) on the possession charge and six (6) months workhouse (suspended) on the criminal impersonation charge.[5] Significantly, counting this sentence as one (1) point under §4A1.1(c) was appropriate even though the sentences were suspended because, under U.S.S.G. § 4A1.2(a)(3) (2007), "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under §4A1.1(c)." Finally, Bridges correctly received the third point under U.S.S.G. §4A1.1(c) (2007) as read with U.S.S.G. §4A1.2(c)(1) (2007) for his 1997 Criminal Impersonation charge because he received a sentence of thirty (30) days jail on this charge. This constitutes an appropriate application of U.S.S.G. §4A1.1(c) (2007) as read with U.S.S.G. §4A1.2(c)(1) (2007) because although criminal impersonation was specifically excluded from the criminal history computation as a misdemeanor offense under U.S.S.G. §4A1.2(c)(1) (2007), Bridges' thirty (30) day jail sentence effectively nullified that exception. In addition, contrary to Bridges' belief, his 1998 Failure to Appear charge for which he was sentenced to 11 months, 29 days jail (suspended after only ten (10) days) did not yield any additional points in his criminal

---

[5] These charges were also listed with the same sentencing date in the presentence memorandum. Under U.S.S.G. § 4A1.2(a)(2) (2007), separate sentences may be counted as a single sentence if both sentences were imposed on the same day.

history calculation. [6] Thus, even reviewing the merits of Bridges' claim, he has failed to meet his burden of proving he is entitled to habeas relief, and, accordingly, his Section 2255 motion should be denied.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that Bridges' Motion to Vacate, Set Aside, or Correct his Sentence [R. 62] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed January 10, 2014.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge

---

[6] Under U.S.S.G. § 4A1.2(b)(2) (2007), "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." This misdemeanor charge was specifically excluded under U.S.S.G. §4 A1.2(c)(1) (2007), and because part of Bridges' sentence was suspended and he only served ten (10) days, he did not receive a sentence severe enough to that exception (i.e. a term of probation of more than one year or a term of imprisonment of at least thirty days).

9